UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:16-cr-00102 |
| v. | ) | |
| | ) | Judge Trauger |
| MICHAEL POTEETE | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

The United States of America, by and through Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, and the undersigned counsel, hereby responds to defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "motion") (DE# 50, Motion to Reduce Sentence for Compassionate Release.) The defendant's motion is not properly before the Court because he has failed to fully exhaust all administrative rights to appeal under § 3582(c)(1)(A). More specifically, thirty days have not yet passed since defendant's request for compassionate release was received by the warden at Lexington FMC. The undersigned had been advised by a BOP attorney that the request to the Warden for Compassionate Release was dated April 30, 2020; and the undersigned is in receipt of the request and has since provided it to defense counsel. Since thirty days have not yet lapsed, the United States respectfully requests the Court dismiss the motion without prejudice to refiling.[1]

---

[1] Undersigned counsel has made note that many district courts within this circuit, as well as several sister circuits, have reached varying conclusions in their interpretations of § 3582(c)(1)(A) in light of the COVID-19 pandemic—specifically whether its "lapse of 30 days" requirement may be waived by the court. However, in the instant case, the government argues that the defendant's motion should be dismissed without prejudice to refiling because thirty days has not yet passed since the warden received the request. The government submits that the Court should address any potential waiver issue only after the defendant has satisfied the threshold statutory requirement.

1

## I. Factual Background

On May 11, 2016, a one-count Indictment was filed in the United States District Court for the Middle District of Tennessee charging the defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (PSR ¶ 1.) On June 23, 2017, the defendant pled guilty pursuant to a sealed plea agreement. (PSR ¶ 2.)

The Guidelines imprisonment range for Poteete was 180 months. (PSR ¶ 54.) On October 23, 2018, Poteete was sentenced to serve 48 months of imprisonment followed by 3 years of supervised release. (DE#45, 46.)

## II. Legal Authority

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (a) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction…. and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Accordingly, the relevant policy statement of the Commission is binding on the Court. *See Dillon v. United States,* 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).[2]

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Critically, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

---

[2]    Prior to the passage of the First Step Act, while the Commission policy statement was binding on the Court's consideration of a motion under § 3582(c)(1)(A), such a motion could only be presented by BOP. The First Step Act added authority for an inmate himself to file a motion seeking relief, after exhausting administrative remedies, or after the passage of 30 days after presenting a request to the warden, whichever is earlier

Under the law, the inmate does not have a right to a hearing. Rule 43(b)(4) of the Federal Rules of Criminal Procedure states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *See Dillon*, 560 U.S. at 827-28 (observing that, under Rule 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

3

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A)   Medical Condition of the Defendant.—

    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)   The defendant is—

        (I)   suffering from a serious physical or medical condition,

        (II)   suffering from a serious functional or cognitive impairment, or

        (III)   experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)   Family Circumstances.—

    (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

4

For its part, consistent with note 1(D), the Federal Bureau of Prisons promulgated Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf, amended effective January 17, 2019, to set forth its evaluation criteria.

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Heromin,* 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 2019 WL 2403192, at *3 (D.N.M. June 7, 2019) (citations omitted).

### III.   Discussion

In response to the COVID-19 pandemic, the Attorney General has directed that the Bureau of Prisons ("BOP") prioritize transferring inmates to home confinement in appropriate circumstances when those inmates are vulnerable to COVID-19 under the CDC risk factors—particularly those at institutions where there have been COVID-19 outbreaks. The Attorney General has issued two Memoranda on this topic, and the most current data on BOP's implementation of this directive is available at BOP's website here: https://www.bop.gov/coronavirus/.

It is the undersigned's understanding that the BOP is devoting all available resources to assessing the inmate population to determine which inmates would be appropriate for transfer under this priority program and to then process those inmates for transfer as quickly as possible. If an inmate cannot obtain home confinement under BOP's priority program, then he or she is likely not a suitable candidate for compassionate release either.

Turning to the specifics of the defendant's motion, the defendant has failed to satisfy the procedural requirements of 18 U.S.C. § 3582(c)(1)(A). More specifically, the defendant has not

fully exhausted all administrative rights to appeal, as thirty days have not yet lapsed from the receipt of Poteete's request by the warden of Lexington FMC. As stated above, the undersigned had been advised by a BOP attorney that the request to the Warden for Compassionate Release was dated April 30, 2020; and the undersigned is in receipt of the request and has since provided it to defense counsel. Thus, the thirty day period has not yet expired. Therefore, the Court should dismiss the defendant's motion without prejudice to refiling once he has satisfied the statutory requirements.

The United States respectfully requests the Court dismiss the motion without prejudice to refiling until the defendant has satisfied the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A), At that time, the United States will be able to provide additional information regarding the specifics of defendant's circumstances that will allow the Court to make a more informed decision regarding whether to order defendant released. In the present case, Defendant seeks compassionate release from his estimated release date of May 28, 2022, in part, because of several physical ailments described in the defense Motion.[3] The United States will be able to provide a response on the merits once the defendant has satisfied the exhaustion requirements.

---

[3] Undersigned counsel has provided to defense counsel medical records from the past year.

## IV. Conclusion

The United States respectfully requests the Court dismiss the defendant's motion without prejudice to refiling once the defendant has satisfied the exhaustion requirements.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney for the
Middle District of Tennessee


**s/ *Joseph P. Montminy***
Joseph P. Montminy
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
615-736-5151

## Certificate of Service

The undersigned hereby certifies that on May 28, 2020, a true and exact copy of the foregoing document has been served through the electronic case filing system upon defense counsel, Michael C. Holley.

s/ *Joseph P. Montminy*
Joseph P. Montminy
Assistant United States Attorney
